UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>         Plaintiff,<br><br> - against -<br><br>CBS RADIO INC.<br><br>         Defendant. | Docket No. 1:18-cv-273<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant CBS Radio Inc. ("CBS" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Angelica Marie Cecora, owned and registered by Hirsch, a New York based professional photographer. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Hirsch is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 280 East 10th Street, New York, New York 10009. Hirsch has been awarded two New York Foundation for the Arts grants and his work has been widely exhibited and collected by the Museum of Modern Art, The Bronx Museum, The Polaroid Collection, The Everson Museum of Art, Bibliotheque Nationale de France, Israel Museum, The Howard Stein Collection and others.

6. Upon information and belief, CBS is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1271 Avenue of the Americas, New York, New York 10020. Upon information and belief, CBS is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material, hereto, CBS has owned and operated a website at the URL: www.klol.radio.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. On or about January 26, 2012, Hirsch photographed Angelica Marie Cecora in Court for a hearing in her lawsuit against boxer Oscar De La Hoya (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Hirsch then licensed the Photograph to the New York Post. On January 26, 2012, the New York Post ran an article that features the Photograph entitled *Just be a man, Oscar*. See

https://nypost.com/2012/01/26/just-be-a-man-oscar/. Hirsch' name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-005-286.

### B. Defendant's Infringing Activities

10. CBS ran an article on the Website entitled *Oscar De La Hoya esta involucrado en Nuevo escandalo sexual.* See http://klol.radio.com/photo-galleries/2012/01/27/oscar-de-la-hoya-est-involucrado-en-nuevo-escndalo-sexual/. The article prominently featured the Photograph. A screen shot of the article is attached hereto as Exhibit B.

11. CBS did not license the Photograph from Plaintiff for its article, nor did CBS have Plaintiff's permission or consent to publish the Photograph on its Website.

12. Hirsch has sued CBS's sister companies CBS Broadcasting Inc. and CBS Interactive Inc. two other times in the past year for using his Photographs without permission. See *Hirsch v. CBS Broadcasting Inc. and CBS Interactive Inc.* 17-cv-1860-PAE, and *Hirsch v. CBS Broadcasting Inc.* 17-cv-3388-WHP.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CBS)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. CBS infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. CBS is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by CBS have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST CBS**
**(17 U.S.C. § 1202)**

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, CBS copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "Steven Hirsch" and placed it on its Website without the gutter credit.

20. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of CBS violates 17 U.S.C. § 1202(b).

22. Upon information and belief, CBS falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by CBS intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. CBS also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

24. As a result of the wrongful conduct of CBS as alleged herein, Plaintiff is entitled to recover from CBS the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by CBS because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from CBS statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant CBS be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant CBS be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 12, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

                                              Tel: (516) 233-1660
                                              RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steve Hirsch*